IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ALLEN R. BLAIR**                                                  **PLAINTIFF**

**V.**                      **CIVIL ACTION NO. 1:15-cv-400-HSO-JCG**

**YUM BRANDS, TACO BELL**                                **DEFENDANTS**

### ORDER SETTING SCREENING HEARING

BEFORE THE COURT are *pro se* Plaintiff Allen R. Blair's Complaint [1] and Application [2] to proceed *in forma pauperis*. Having reviewed these filings, the Court finds that a hearing should be held to allow Plaintiff an opportunity to state with more definiteness the factual and legal bases for his claims. The Court may then determine if Plaintiff should be allowed to proceed *in forma pauperis* or whether Plaintiff's Complaint or any portion of it should be dismissed under 28 U.S.C. § 1915(e)(2).

Pursuant to 28 U.S.C. § 1915, the Court may authorize the commencement of a civil action without prepayment of court fees if the litigant submits an application and proof that he is unable to pay such fees. 28 U.S.C. § 1915(a)(1). There is, however, no absolute right to proceed *in forma pauperis* in civil matters. *Carter v. Thomas,* 527 F.2d 1332 (5th Cir. 1976). "[R]ather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States,* 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (dismissing non-prisoner plaintiff's *in forma pauperis* complaint for frivolity and failure to state a claim under 28 U.S.C. §

1915(e)).  Section 1915(e) provides that "the court shall dismiss the case at any time if the court determines that -- (A) the allegation of poverty is untrue; or (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Dawson v. Parkland Health & Hosp. Sys.,* 2006 WL 3342622, at *1 n. 1 (N.D. Tex. Nov. 17, 2006) (§ 1915(e) applies equally to prisoner as well as non-prisoner *in forma pauperis* cases).

**IT IS, THEREFORE, ORDERED** that Plaintiff Allen R. Blair, who has applied to proceed *in forma pauperis* in this civil suit, shall appear for a screening hearing before the undersigned Magistrate Judge on **January 4, 2016, at 1:30 p.m.** at **THE UNITED STATES COURTHOUSE, 2012 15th STREET, COURTROOM 683, GULFPORT, MISSISSIPPI, 39501.** At the hearing, Plaintiff shall be prepared to make a full statement of the factual and legal bases for each and every claim he is advancing in his Complaint [1] and to respond to questions pertaining to the Motion to Proceed *in forma pauperis* [2].  Plaintiff is warned that if he fails to appear at the screening hearing, this case may be dismissed without prejudice and without further notice to Plaintiff.

**SO ORDERED**, this the 9th day of December, 2015.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE