IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ALLEN R. BLAIR**                                                                                      **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO. 1:15-cv-00400-HSO-JCG**

**YUM BRANDS**
**TACO BELL**                                                                                        **DEFENDANTS**

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

COME NOW, Defendants YUM! Brands, Inc. ("YUM"), incorrectly identified as YUM Brands, and Taco Bell of America, LLC ("Taco Bell"), incorrectly identified as Taco Bell (collectively "Defendants"), by and through their counsel of record, and submit this Memorandum in Support of their Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of Plaintiff's Complaint with prejudice for failing to state a claim upon which relief may be granted. Plaintiff's Complaint fails to allege sufficient facts to raise a right to relief above the speculative level and should be dismissed.

## INTRODUCTION

Plaintiff Allen R. Blair filed suit on December 7, 2015, and amended his original Complaint [1] on December 10, 2015 [4].[1] Plaintiff's Complaint does not specifically allege any cause of action for which Defendants might be liable.[2] Rather, Plaintiff makes a series of unclear and disjointed statements regarding his former employment at a Taco Bell restaurant located in

---

[1] Plaintiff has filed a document [4] purporting to amend his original Complaint only to the extent that he moves the Court to correct an address contained therein. However, this document does not contain any new or different factual allegations or causes of action beyond the original Complaint [1].

[2] Though not alleged in his Complaint, Plaintiff states on the Civil Cover Sheet attached as an exhibit thereto that he brings this action under the Thirteenth Amendment and describes his cause of action as "forced to adheed to ones benifit." [1-1]

Gulfport, Mississippi, none of which could support any potential liability by Defendants. For the reasons set forth below, Plaintiff's allegations are insufficient to state a plausible claim for relief.

## ALLEGATIONS OF PLAINTIFF'S COMPLAINT

According to Plaintiff, he was employed at a Taco Bell restaurant located in Gulfport, Mississippi until December 2015. Plaintiff claims that the General Manager, identified only as April, and the Area Coach, identified only as Nick, required employees to "sell things they personally profitted [sic] from or there would be computer changes" and that hours were subtracted from his "labor card" and not processed in payroll. Plaintiff alleges that his employment was terminated on December 6, 2015 because he "gave voice to my civil rights being violated." Plaintiff claims the Area Coach directed the General Manager to terminate him after he complained about his rights being violated. Plaintiff does not explain which civil rights were allegedly violated, the substance of any purported complaint, or to whom it was made. Plaintiff states that the Area Coach gave the General Manager "the go ahead after she informed him of my rebellion of my rights being violated." Again, Plaintiff does not explain or provide any details regarding his alleged "rebellion." Plaintiff seeks $250,000,000.00 million dollars in damages.

## LEGAL ARGUMENT

### *Legal Standard*

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint and is granted when the non-movant fails to state a claim or cause of action for which the Court can provide relief. FED. R. CIV. P. 12(b)(6). To survive such a motion, the Complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that offers "labels

and conclusions," or a "formulaic recitation of the elements of a cause of action," does not adequately state a claim for relief. *Id.* at 555. In particular, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Stated another way, to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*.

While submissions by pro se plaintiffs are generally held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Fifth Circuit has specifically held that "regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir.2001) (further citation omitted)); see also *De Graffenried v. Smithway Motor Xpress, Inc.*, 2014 U.S. Dist. LEXIS 176075 (N.D. Miss. Dec. 22, 2014) (recognizing that "28 U.S.C. § 1915(e) authorizes the Court to dismiss a case filed by a plaintiff proceeding *in forma pauperis* upon a determination that the complaint or any claim therein is frivolous or malicious, that fails to state a claim for which relief can be granted, or that seeks monetary relief against an immune defendant.") (citation omitted).

   a)  **Plaintiff fails to state any claim upon which relief may be granted.**

Plaintiff appears to bring a claim for a direct violation of the Thirteenth Amendment to the United States Constitution, the prohibition against slavery and involuntary servitude. *See* U.S. Const. amend. XIII, § 1 ("Neither slavery nor involuntary servitude, except as a punishment

3

for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."). The Fifth Circuit has recognized two types of suits under the Thirteenth Amendment, those alleging compulsory labor and those attacking the "badges and incidents of slavery." *Channer v. Hall*, 112 F.3d 214, 217 n.5 (5th Cir. 1997). Whereas the Fifth Circuit has held that the first class of claims "arise directly under prohibition of § 1, which is 'undoubtedly self-executing without any ancillary legislation' and '[b]y its own unaided force and effect . . . abolished slavery, and established universal freedom,'" *Id.* (citing *The Civil Rights Cases*, 109 U.S. 3, 20, 3 S. Ct. 18, 27 L. Ed. 835 (1883)), claims alleging unlawful "badges and incidents of slavery" must be based on a statute enacted under the Amendment's second provision. *Id.*; *see* U.S. Const. amend. XIII, § 2 ("Congress shall have power to enforce this article by appropriate legislation.").

Here, Plaintiff does not allege that Defendants in any way forced or otherwise compelled him to work for them against his will. As such, any claim under Section 1 of the Thirteenth Amendment fails. *See U.S. v. Kozminski*, 487 U.S. 931, 942, 108 S. Ct. 2751, 101 L. Ed. 2d 788 (1988) ("[T]he phrase 'involuntary servitude' [under the Thirteenth Amendment] was intended to 'cover those forms of compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results.'") (quoting *Butler v. Perry*, 240 U.S. 328, 332, 36 S. Ct. 258, 60 L. Ed. 672 (1916); *see also United States v. Cannon*, 750 F.3d 492, 509 n.1 (5th Cir.) *cert. denied*, 135 S. Ct. 709, 190 L. Ed. 2d 445 (2014) and *cert. denied sub nom. McLaughlin v. United States*, 135 S. Ct. 709 (2014) and *cert. denied sub nom. Kerstetter v. United States*, 135 S. Ct. 709 (2014) ("Section 1 of the Thirteenth Amendment provides Congress with . . . power to prohibit involuntary servitude, which is understood as labor coerced by physical force or restraint.") (citing *United States v. Kozminski,* 487 U.S. 931, 944–48, 108 S.

Ct. 2751, 101 L. Ed. 2d 788 (1988); Jennifer Mason McAward, *Defining the Badges and Incidents of Slavery,* 14 U. Pa. J. Const. L. 561, 567 (2012)).

Further, Plaintiff fails to invoke any statute enacted to abolish the "badges and incidents of slavery." *See Channer*, 112 F.3d at 217 n.5 ("suits attacking the 'badges and incidents of slavery' must be based on a statute enacted under § 2"). Indeed, Plaintiff does not allege that he was subject to any wrongdoing based on any protected class nor does he allege that he is a member of a protected class, arguably a prerequisite to this type of claim. *See Cannon*, 750 F.3d at 501 ("in its most general sense, the term 'badge of slavery' . . . refers to indicators, physical or otherwise, of African-Americans' slave or subordinate status."). Simply put, Plaintiff's Complaint fails to state a claim for relief under the Thirteenth Amendment.

Similarly, Plaintiff's Complaint fails to allege sufficient facts to state a claim for relief under any other statute or common law theory. Plaintiff's Complaint is no more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," which is not enough to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. As such, Defendants are entitled to dismissal under Rule 12(b)(6). Alternatively, Defendants request the Court order Plaintiff to provide a more definite statement of circumstances and events supporting his asserted claims pursuant to Federal Rule of Civil Procedure 12(e) as the insufficiency of Plaintiff's Complaint makes it unreasonable for Defendants to prepare a response because they cannot discern the nature of the alleged claims.

## **CONCLUSION**

Plaintiff has failed to allege sufficient facts to state a claim for relief against YUM and Taco Bell. Thus, Defendants respectfully request that the Court grant their Motion to Dismiss pursuant to Rule 12(b)(6) and dismiss Plaintiff's claims against them with prejudice.

THIS, the 17th day of February, 2016.

>Respectfully submitted,
>
>YUM! BRANDS, INC. AND
>TACO BELL OF AMERICA, LLC
>DEFENDANTS
>
>BY: */s/ Robin Banck Taylor*
>Robin Banck Taylor (MS Bar No. 100195)
>robin.taylor@ogletreedeakins.com
>Blythe K. Lollar (MS Bar No. 104554)
>blythe.lollar@ogletreedeakins.com
>OGLETREE, DEAKINS, NASH, SMOAK
>& STEWART, P.C.
>100 Renaissance, Suite 200
>1022 Highland Colony Parkway
>Ridgeland, Mississippi 39157
>Telephone: (601) 360-8444
>Facsimile: (601) 360-0995
>
>**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I, the undersigned counsel, certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system and served a true and correct copy of said document via U.S. Certified Mail, return receipt requested, to the following:

Allen R. Blair
623 Georgia Street
Gulfport, Mississippi 39501
(228) 313-4324

**PRO SE PLAINTIFF**

This, the 17th day of February, 2016.

>*/s/ Robin Banck Taylor*
>Robin Banck Taylor

23872812.1