IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALLEN R. BLAIR | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:15cv400-HSO-JCG |
| | § | |
| YUM BRANDS et al. | § | DEFENDANTS |

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION [9] TO DISMISS AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT

BEFORE THE COURT is a Motion [9] to Dismiss filed by Defendants YUM! Brands, Inc. and Taco Bell of America, LLC (collectively "Defendants") on February 17, 2016. Plaintiff Allen Blair has filed a Response in Opposition [15]. On March 4, 2015, Defendants gave the Court and Plaintiff notice that they did not intend to file a reply. After due consideration of the record and relevant legal authority and for the reasons discussed below, the Court finds that Defendants' Motion should be granted, but that Plaintiff should be afforded leave to amend his Complaint.

I. BACKGROUND

Plaintiff filed the instant civil action pro se on December 7, 2015.[1] Plaintiff alleges that he was an employee at a Taco Bell restaurant in Gulfport, Mississippi. Compl. [1], at 3. On December 6, 2015, Plaintiff's employment was allegedly terminated "because [he] gave voice to [his] civil rights being violated." *Id.* at 4.

---

[1] Plaintiff's Complaint [1] is handwritten and almost entirely in capital letters. The Court has rendered any direct quotations from handwritten pleadings in lowercase letters.

Plaintiff alleges that the "extent of [his] employment was 'slavery'" because hours he worked were not processed in payroll if he "wouldn't adheed to the area coach and general manager [sic] wishes for profitable benefits." *Id.* at 3. Plaintiff contends he is entitled to relief because slavery was abolished in 1865; presumably, Plaintiff is referring to the Thirteenth Amendment to the United States Constitution.[2]  *Id.*  Plaintiff seeks $250,000,000.00 in damages. *Id.* at 5.

On February 17, 2016, Defendants moved to dismiss this civil action pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative for the Court to order Plaintiff to provide a more definite statement pursuant to Rule 12(e). In response to Defendants' Motion, Plaintiff took issue with the name corrections Defendants provided in their Motion and stated that "both points of the . . . Motion are frivolous," without any further elaboration. Resp. [15], at 2. Discovery in this case was stayed on March 11, 2016, pending the Court's ruling on this Motion. On March 17, 2016, Plaintiff filed a Motion [19] to Lift the Stay, which was denied by United States Magistrate Judge John C. Gargiulo on March 18, 2016.

## II.  DISCUSSION

A.  <u>Legal Standard</u>

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts all well-pleaded facts as true and views them in the light

---

[2] "January 31, 1965 was the begin[n]ing of the abolishing of slavery December 13, 1865 it was amendment does this still stand true." Plaintiff's Civil Cover Sheet [1-1] also states that Plaintiff seeks relief under the "13th Amendment."

most favorable to Plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (citing *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992)). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Because Plaintiff is proceeding pro se, the Court holds his "complaint to 'less stringent standards than formal pleadings drafted by lawyers.'" *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (citing *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002)). However, even a pro se plaintiff seeking to avoid a Rule 12 dismissal must "allege sufficient facts to raise a right to relief above the speculative level." *Flynn v. CIT Grp.*, 294 F. App'x 152, 154 (5th Cir. 2008). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . . [t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678–79.

B.   Analysis

Liberally construed, Plaintiff's Complaint purports to state a claim under the Thirteenth Amendment. The Thirteenth Amendment provides that:

> Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

U.S. Const. amend. XIII. "To prove a claim of involuntary servitude, an employee

must show that there was no conceivable means of avoiding the continued service or confinement." *Burger v. Military Sea Lift Command*, 189 F.3d 467, 1999 WL 511534, at *2 (5th Cir. 1999) (unpublished, per curiam). "A showing of compulsion is thus a prerequisite to proof of involuntary servitude." *Watson v. Graves*, 909 F.2d 1549, 1552 (5th Cir. 1990).

Plaintiff does not allege that his employment at Taco Bell was involuntary. Indeed, he claims he no longer works there. Accepting Plaintiff's allegations as true, unpaid penalty hours assessed for misconduct during an otherwise voluntary employment relationship are not the legal equivalent of involuntary servitude. *See e.g.*, *Hayes v. City of Wilmington*, 451 F. Supp. 696, 703 n.20 (D. Del. 1978). Even in a case where employees were alleged to have been given the choice of working for free or being fired, the United States Court of Appeals for the Fifth Circuit has affirmed a district court's dismissal with prejudice of a pro se plaintiff's Thirteenth Amendment claim, reasoning that "'[w]hen the employee has a choice, even though it is a painful one, there is no involuntary servitude.'" *Burger*, 1999 WL 511534, at *2 (quoting *Watson*, 909 F.2d at 1552).

Because Plaintiff alleges no facts from which the Court can infer involuntary servitude, Plaintiff has not stated a plausible claim for relief under the Thirteenth Amendment. *See also Crawford v. Louisiana*, No. 14-1190, 2015 WL 854035, at *4 (E.D. La. Feb. 26, 2015) (noting that "[a]pplication of the Thirteenth Amendment should be confined to those situations that are truly akin to the slavery that gave rise to it."). As to Plaintiff's Thirteenth Amendment claim, the Court will,

therefore, grant Defendants' Motion [9] to Dismiss pursuant to Rule 12(b)(6), thereby rendering moot Defendants' alternative request for a more definite statement.

C.     Leave to Amend

While Plaintiff has not specifically requested leave to amend his pleadings, Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a)(2). Plaintiff has recently filed a Motion [19] to Lift Stay, arguing that this case should proceed to discovery.  In the corresponding Memorandum [20], Plaintiff indicates that he may be attempting to assert claims broader than the Thirteenth Amendment claim raised in his Complaint [1].  *See* Mem. Supp. Mot. Lift Stay [20], at 20 (making reference to equal protection and discrimination).  Based on the circumstances, the Court finds that Plaintiff should be afforded the opportunity to file an Amended Complaint to more adequately state his legal claims and the facts supporting them.

Therefore, Plaintiff will be granted leave to amend his Complaint to clearly state and support with appropriate factual allegations any other causes of action he may be attempting to assert.  If Plaintiff desires to amend his pleadings, Plaintiff shall file any Amended Complaint against Defendants into the record of this case on or before April 20, 2016.  Plaintiff is cautioned that failure to do so will be viewed as a failure to prosecute, and may result in the Court dismissing this case without further notice to Plaintiff.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [9] to Dismiss filed by Defendants YUM! Brands, Inc. and Taco Bell of America, LLC is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff is granted leave to file an Amended Complaint.  Plaintiff must file any Amended Complaint on or before April 20, 2016.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, failure to file an Amended Complaint into the record of this case on or before April 20, 2016, will be viewed as a failure to prosecute and may result in the Court dismissing Plaintiff's case without further notice to Plaintiff.

**SO ORDERED AND ADJUDGED**, this the 21st day of March, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE