IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALLEN R. BLAIR | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:15cv400-HSO-RHW |
| | § | |
| YUM BRANDS, *et al.* | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS' [25] SECOND MOTION TO DISMISS**

BEFORE THE COURT is a Second Motion [25] to Dismiss filed on April 4, 2016, by Defendants YUM! Brands, Inc. and Taco Bell Corp.[1] This Motion is fully briefed. After due consideration of the record and relevant legal authority, the Court finds that Defendants' Motion should be granted in part and denied in part, and Plaintiff Allen R. Blair's claims for slavery and involuntary servitude under the Thirteenth Amendment should be dismissed with prejudice. Plaintiff's wage claims will proceed.

I. BACKGROUND

Plaintiff Allen R. Blair ("Plaintiff") filed a pro se Complaint [1] on December 7,

---

[1] In his original Complaint and Amended Complaint, Plaintiff named as Defendants "YUM BRANDS" and "TACO BELL." Compl. [1] at 1-2; Am. Compl. [24] at 1. In their first Motion to Dismiss, Defendants stated that YUM! Brands, Inc., was incorrectly identified as YUM Brands, and that Taco Bell of America, LLC, was incorrectly identified as Taco Bell. Mot. to Dismiss [9] at 1. The Second Motion to Dismiss was filed on behalf of "YUM! Brands, Inc." and "Taco Bell Corp.," with no further explanation. 2d Mot. to Dismiss [25] at 1. For purposes of resolving the Second Motion to Dismiss, the Court will refer to the names utilized by Defendants in their Second Motion.

2015,[2] alleging that he was an employee at a Taco Bell restaurant in Gulfport, Mississippi, whose employment was allegedly terminated on December 6, 2015, "because [he] gave voice to [his] civil rights being violated." Compl. [1] at 3-4.

Plaintiff alleged that the "extent of [his] employment was 'slavery'" because hours he worked were not processed in payroll if he "wouldn't adheed to the area coach and general manager [sic] wishes for profitable benefits." *Id*. at 3. Plaintiff asserted that he was entitled to relief because slavery was abolished in 1865; presumably, Plaintiff was referring to the Thirteenth Amendment to the United States Constitution.[3] *Id.* Plaintiff sought $250,000,000.00 in damages. *Id*. at 5.

On February 17, 2016, Defendants moved [9] to dismiss this civil action pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative for the Court to order Plaintiff to provide a more definite statement pursuant to Rule 12(e). On March 21, 2016, the Court granted Defendants' Motion [9] to Dismiss and granted Plaintiff leave to file an Amended Complaint. Order [21] at 6.

On March 22, 2016, Plaintiff filed an Amended Complaint [24]. The Amended Complaint asserts that, during his employment at Taco Bell, Plaintiff was "exposed to slavery, by general manager and area coach," and "leaders within employers' companys [sic] 'force' [Plaintiff] to obtain surveys in which leaders received bonuses for good surveys." Am. Compl. [24] at 2. Plaintiff contends that "team members do

---

[2] Plaintiff's pleadings are handwritten and almost entirely in capital letters. The Court has rendered any direct quotations from handwritten pleadings in lowercase letters.

[3] "January 31, 1965 was the begin[n]ing of the abolishing of slavery December 13, 1865 it was amendment does this still stand true." Plaintiff's Civil Cover Sheet [1-1] also stated that Plaintiff was seeking relief under the "13th Amendment."

not receive bonuses," and charges that "begging or harassing customers for a survey to obtain entitled labor hours is slavery" because Plaintiff's only duties as a team member were to "take orders, make the food, and clean entire building." *Id.*

According to the Amended Complaint, if Plaintiff "did not obtain surveys, hours would be abstracted [sic] from time card, and or [sic] schedule." *Id.* at 3. Plaintiff "rebelled against [his] indecent involuntary servitude" on December 6, 2015, and was allegedly terminated as a result. *Id.*

On April 4, 2016, Defendants filed a Second Motion to Dismiss [25] pursuant to Federal Rule of Civil Procedure 12(b)(6). 2d Mot. to Dismiss [25] at 1-2. Plaintiff responds that the Amended Complaint "clearly expressed under a defined scope exactly how involuntary servitude was imposed on to [his] person." Mem. in Supp. of Resp. [31] at 3. Plaintiff states that he "could not receive entitled labor hours unless [he] obtained surveys for leaders['] beneficial gains." *Id.* at 4. Plaintiff maintains that he was subjected to involuntary servitude and slavery in violation of the Thirteenth Amendment to the United States Constitution. *Id.* at 6.

## II. DISCUSSION

A. Legal standard

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts all well-pleaded facts as true and views them in the light most favorable to Plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (citing *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992)). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Because Plaintiff is proceeding pro se, the Court holds his "complaint to 'less stringent standards than formal pleadings drafted by lawyers.'" *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (citing *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002)). However, even a pro se plaintiff seeking to avoid a Rule 12 dismissal must "allege sufficient facts to raise a right to relief above the speculative level." *Flynn v. CIT Grp.*, 294 F. App'x 152, 154 (5th Cir. 2008). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . . [t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678–79.

B. <u>The Amended Complaint fails to state a claim for which relief could be granted under the Thirteenth Amendment.</u>

Liberally construed, Plaintiff's Complaint purports to state a claim under the Thirteenth Amendment. The Thirteenth Amendment provides that:

> Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

U.S. Const. amend. XIII. "To prove a claim of involuntary servitude, an employee must show that there was no conceivable means of avoiding the continued service or confinement." *Burger v. Military Sea Lift Command*, 189 F.3d 467, 1999 WL 511534, at *2 (5th Cir. 1999) (unpublished, per curiam). "A showing of compulsion is thus a

prerequisite to proof of involuntary servitude." *Watson v. Graves*, 909 F.2d 1549, 1552 (5th Cir. 1990).

Plaintiff does not allege that his employment at Taco Bell was involuntary. Indeed, he claims he no longer works there. Accepting Plaintiff's allegations as true, unpaid penalty hours assessed during an otherwise voluntary employment relationship are not the legal equivalent of involuntary servitude. *See, e.g.*, *Hayes v. City of Wilmington*, 451 F. Supp. 696, 703 n.20 (D. Del. 1978). Even in a case where employees were alleged to have been given the choice of working for free or being fired, the United States Court of Appeals for the Fifth Circuit has affirmed a district court's dismissal with prejudice of a pro se plaintiff's Thirteenth Amendment claim, reasoning that "'[w]hen the employee has a choice, even though it is a painful one, there is no involuntary servitude.'" *Burger*, 1999 WL 511534, at *2 (quoting *Watson*, 909 F.2d at 1552).

Because Plaintiff alleges no facts from which the Court can infer involuntary servitude, Plaintiff has not stated a plausible claim for relief under the Thirteenth Amendment. *See also Crawford v. Louisiana*, No. 14-1190, 2015 WL 854035, at *4 (E.D. La. Feb. 26, 2015) (noting that "[a]pplication of the Thirteenth Amendment should be confined to those situations that are truly akin to the slavery that gave rise to it."). As to Plaintiff's Thirteenth Amendment claim, the Court will, therefore, grant in part Defendants' Motion and dismiss this claim with prejudice.[4]

---

[4] Plaintiff has not specifically requested leave to amend his Amended Complaint, and he has previously been permitted leave to amend to attempt to state a Thirteenth Amendment Claim, which he was unable to do. The Court finds that any further request

Liberally construed, the Amended Complaint also appears to assert wage claims against Defendants with respect to hours which were allegedly docked from Plaintiff's timecard, and for which he presumably was not paid, for failing to obtain customer surveys.  The Amended Complaint contains sufficient factual matter, accepted as true, to permit Plaintiff's wage claims to survive a Rule 12(b)(6) challenge.  Defendant's Motion will be denied in part as to Plaintiff's wage claims.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [9] to Dismiss filed by Defendants YUM! Brands, Inc. and Taco Bell Corp. is **GRANTED IN PART**, as to any slavery and involuntary servitude claims under the Thirteenth Amendment, **and DENIED IN PART**, as to any wage claims.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, any slavery and involuntary servitude claims raised under the Thirteenth Amendment are **DISMISSED WITH PREJUDICE**.  Plaintiff's wage claims will proceed.

**SO ORDERED AND ADJUDGED**, this the 25th day of May, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

for leave to amend would be futile as to the Thirteenth Amendment claim and would be denied.  *See Jones v. Robinson Prop, Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (holding that futility of the amendment and repeated failures to cure deficiencies are two of the factors a court may consider in deciding whether to grant leave to amend).  Plaintiff has "already pleaded his 'best case'" as to this claim.  *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).