IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ALLEN R. BLAIR**                                                               **PLAINTIFF**

**VS.**                                               **CIVIL ACTION: 1:15cv400-HSO-RHW**

**YUM BRANDS,** *et al.*                                                   **DEFENDANTS**

## ORDER

Before the Court is [69] the *pro se* Plaintiff's April 18, 2017 motion for sanctions "to impose violations under 11(b)." The cited Rule provides:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are waranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Plaintiff's motion consists of a list of "violations"– of FOIA, procedural law, Title VII Sec. 703(a), and 13th Amendment, and defamation of character. Plaintiff's memorandum in support of the motion [70] offers little more to explain precisely what his motion is about, although it appears to present objections to the settlement conference conducted by the Court on April 11, 2017. For example, Plaintiff complains about the appearance of counsel for the

corporate Defendants at the settlement conference,[1] stating he was not notified of their appearance prior to the hearing, that they "imposed intimidation" on him "which hindered a productive court hearing," and that "Defendants' did not solatium[2] with the court of the counsels of Jason Oviatt (General Counsel for Taco Bell) and Timothy W. Lindsay (counsel for Yum Brand and Taco Bell)." Plaintiff further complains that Defendants "constantly express rule breaking feats to 'divert' attention from" enslavement and violation of his 13th Amendment rights. Plaintiff has no such claims remaining in this case; the Court dismissed with prejudice his claims for slavery and involuntary servitude by order entered May 25, 2016. [33]

FED.R.CIV.P. 11(c)(2) requires that a motion for sanctions "describe the specific conduct that allegedly violates Rule 11(b)," and expressly provides that the alleged offender be afforded an opportunity to correct the problem *before* such a motion is filed or presented to the court. Plaintiff failed to comply with this Rule, and the Court finds his conclusory, and often incomprehensible, allegations provide no proper foundation for imposition of Rule 11 sanctions. The Court will therefore deny the motion.

**SO ORDERED**, this the 21st day of April, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[1] In court a corporation must be represented by licensed counsel. See, *United States v. Brown*, 197 F. Supp. 2d 574, 575 (W.D. La. 2002).

[2] This noun is defined as a thing given to someone as a compensation or consolation.